Frederic B. Jennings (FJ7723)
Mark H. Jaffe (MJ1725)
Tor Ekeland (TE5608)
Tor Ekeland Law, PLLC.
195 Montgue Street, 14th Floor
Brooklyn, NY 11201
Tel: (718) 737-7264
Fax: (718) 504-5417
fred@torekeland.com
mark@torekeland.com
tor@torekeland.com

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| YEVGENIY TIMOSHENKO<br>Plaintiff,<br><br>v.<br><br>FRANK GU<br>Defendant. | 1:17-CV-2268 (KBF)<br><br>**RESPONSE TO DEFENDANT'S 56.1 STATEMENT OF PURPORTEDLY UNDISPUTED FACTS** |

Plaintiff YEVGENIY TIMOSHENKO, through his attorneys, submits the following response to defendant's statement of facts.

Under Fed. R. Civ. P. 56 and Rule 56.1 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, defendant Frank Gu submitted the following statement of material facts in support of their motion for partial summary judgment.

1. Between September 2010 and September 2011, Gu and Plaintiff Yevgeniy Timoshenko ("Timoshenko") were roommates in a rental apartment in Union Square in New York City.

2

<u>Transcript of the [Deposition] of Timoshenko</u> dated March 8, 2018 at 14:11-25, 15:1-9, attached to the accompanying Declaration of David Wrobel, Esq. ("Wrobel Decl.") as Exhibit "C" (cited herein as "<u>Timoshenko Tr</u>."); <u>Complaint</u> at ¶¶ 2, 17, attached to the accompanying Wrobel Decl. as Exhibit "A".

**Response:**

Admit, except that the time period in which Timoshenko and Gu were roommates was approximately September 2010 through November 2011. *See* Exhibit F to Plaintiff's Memorandum of Law, Timoshenko Decl., at ¶ 5.

2. While they were living together, Timoshenko left $10,000 cash with Gu before Timoshenko left for a trip to London. <u>Timoshenko Tr</u>. at 27:7-18, 30:16-25; <u>Complaint</u> at ¶¶ 7, 42.

**Response:**

Admit.

3. Timoshenko's trip to London occurred during the period of time when Timoshenko and Gu lived together, before his and Gu's rental lease ended in September 2011. <u>Timoshenko Tr</u>. at 30:10-13<u>; Complaint</u> at ¶¶ 7, 42.

**Response:**
Admit, except that the period of time they lived together ended in November 2011. *See* Exhibit F to Plaintiff's Memorandum of Law at ¶ 5.

4. Timoshenko's American Express credit card statements show that he was in London from September 1, 2010 until September 11, 2010, and then again from October 2, 2010 through October 17, 2010. The relevant American Express statements were marked as Exhibit 6 at Timoshenko's examination before trial and are attached to the accompanying Wrobel Decl. as Exhibit "D".

**Response:**

Admit, except that Mr. Timoshenko was in London on the two dates above as well as from about November 10, 2011 through about November 20, 2011. Relevant bank statements are attached as Exhibit G to Plaintiff's Memorandum of Law in Opposition. *See also* Timoshenko Declaration, Ex. F to Plaintiff's Memorandum; Emails from November 2011, Ex. H to Plaintiff's Memorandum.

5. This action was commenced on March 29, 2017. Complaint.

**Response:**

Admit.

6. Craig Crosby ("Crosby") is a mutual friend of Timoshenko and Gu. Timoshenko Tr. at 42:6-8.

**Response:**

Admit.

7. Crosby needed a loan of $80,000 (the "Crosby Loan"). Timoshenko Tr. at 43:11-14.

**Response:**

Admit, except Crosby wanted or requested a loan of that amount. Mr. Timoshenko is unsure what Mr. Crosby "needed."

8. The $80,000 loan was made to Crosby on July 5, 2011, with Timoshenko funding the entire $80,000. Complaint at ¶ 37; Timoshenko Tr. at 44:10-13.

**Response:**

Deny in part. The $80,000 loan was made to Crosby by Timoshenko and Gu as joint lenders, with Timoshenko paying both his and Gu's $40,000 shares of the principal on the

understanding that Gu would reimburse Timoshenko for his half of the principal. *See* the Promissory Note, Ex. A to Plaintiff's Memorandum.

9. Crosby agreed to pay back Timoshenko the $80,000 plus $12,000 in interest with 12 payments over 12 months starting in August 2011. Complaint at ¶ 37.

**Response:**

Deny in part. Crosby agreed to pay back Timoshenko and Gu as joint lenders the $80,000 plus $12,000 in interest with 12 payments over 12 months starting in August 2011.

10. Crosby defaulted on the Loan after making seven payments totaling $53,900. Complaint at ¶ 41.

**Response:**

Admit, except that default is a legal conclusion. More accurately, Crosby halted payments on the Loan after making seven payments totaling $53,900. Crosby continues to promise he will continue payment when able to. *See Timoshenko Tr.* at 52:25-53:9.

11. The Crosby Loan was supposed to be secured by a ring that Crosby bought for his fiancée, but Timoshenko allowed Crosby to keep the ring. Timoshenko Tr. at 47:16-25.

**Response:**

Admit, except Timoshenko and Gu decided to allow Crosby to keep the ring used as collateral.

12. Timoshenko has not taken any legal action or legal steps to recover the full amount of the Crosby Loan. Timoshenko Tr. at 49:25, 50:1-6, 52:23-25, 53:1-9.

**Response:**

Deny in part. Neither Timoshenko nor Gu have yet taken any legal action or legal steps to recover the full amount of the Crosby Loan.

13. Nevada law governs the Crosby Loan. Timoshenko Tr. at 50:8-11.

**Response:**

Admit that the Crosby Loan agreement contains a Nevada choice of law clause.

14.  If Crosby were to repay Timoshenko, then Timoshenko would no longer require that Gu pay $40,000 to Timoshenko. <u>Timoshenko Tr</u>. at 53:22-25, 54:1-4.

**Response:**

Deny in part. If Crosby were to repay the entirety of the Loan to Timoshenko and Gu, the terms of the loan still require payment to Mr. Gu. Mr. Gu could use his portion to satisfy the debt to Mr. Timoshenko. *See* Ex. A to Plaintiff's Memorandum.

Dated: April 12, 2018　　　　　　　　　　　　Respectfully submitted,
Brooklyn, NY

　　　　　　　　　　　　　　　　　　　　　　*/s/Frederic B. Jennings*
　　　　　　　　　　　　　　　　　　　　　　Frederic B. Jennings (FJ7723)
　　　　　　　　　　　　　　　　　　　　　　Mark H. Jaffe (MJ1725)
　　　　　　　　　　　　　　　　　　　　　　Tor Ekeland (TE5608)
　　　　　　　　　　　　　　　　　　　　　　Tor Ekeland Law, PLLC
　　　　　　　　　　　　　　　　　　　　　　195 Montague Street, 14th Floor
　　　　　　　　　　　　　　　　　　　　　　Brooklyn, NY 11201
　　　　　　　　　　　　　　　　　　　　　　Tel: (718) 737-7264
　　　　　　　　　　　　　　　　　　　　　　Fax: (718) 504-5417
　　　　　　　　　　　　　　　　　　　　　　fred@torekeland.com
　　　　　　　　　　　　　　　　　　　　　　mark@torekeland.com
　　　　　　　　　　　　　　　　　　　　　　tor@torekeland.com

2